UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LYNETTE ROBB,<br><br>  Plaintiff,<br><br>  v.<br><br>CALIFORNIA AIR RESOURCES BOARD; LIANE M. RUDOLPH, in her official capacity,<br><br>  Defendants. | No. 2:23-cv-1013 DJC DB PS<br><br><br>ORDER |

Plaintiff Lynette Robb is proceeding in this action pro se. This matter was referred to the undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1). Pending before the court are plaintiff's amended complaint styled as a "Petition for Writ of Mandate" and motion to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. (ECF Nos. 2 & 5.) Plaintiff seeks an order vacating the California Air Resources Board's "adoption" of "the Advanced Clean Cars II regulation . . . beginning in 2035." (Am. Pet. (ECF No. 5) at 2.)

The court is required to screen complaints brought by parties proceeding in forma pauperis. See 28 U.S.C. § 1915(e)(2); see also Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc). Here, plaintiff's application to proceed in forma pauperis fails to make the necessary showing.

////

1

I. **Plaintiff's Application to Proceed In Forma Pauperis**

Pursuant to federal statute, a filing fee of $350.00 is required to commence a civil action in federal district court. 28 U.S.C. § 1914(a). In addition, a $50.00 general administrative fee for civil cases must be paid. 28 U.S.C. § 1914(b). The court may authorize the commencement of an action "without prepayment of fees . . . by a person who submits an affidavit" showing that she is unable to pay such fees. 28 U.S.C. § 1915(a).

Here, plaintiff's in forma pauperis application reflects that plaintiff earns "take-home pay" of $2,200 every "2 wks," or generally $4,400 per month. (ECF No. 2 at 1.) The application also reflects that plaintiff's monthly expenses total only $2,580 and that plaintiff has $500 in cash or in a checking or savings account. (Id. at 2.) In light of plaintiff's stated financial situation, the undersigned cannot find that plaintiff has shown that plaintiff is unable to pay the filing fees. See Carroll v. U.S., 320 F. Supp. 581, 582 (D.C. Tex. 1970) ("Leave to so proceed should not be granted by the Court unless it reasonably appears that the cost of filing would be beyond petitioner's means."). Thus, plaintiff has made an inadequate showing of indigency. See Olivares v. Marshall, 59 F.3d 109, 111 (9th Cir. 1995) ("Requiring the payment of fees according to a plaintiff's ability to pay serves the dual aims of defraying some of the judicial costs of litigation and screening out frivolous claims.").

Moreover, a determination that a plaintiff qualifies financially for in forma pauperis status does not complete the inquiry required by the statute. "'A district court may deny leave to proceed in forma pauperis at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit.'" Minetti v. Port of Seattle, 152 F.3d 1113, 1115 (9th Cir. 1998) (quoting Tripati v. First Nat. Bank & Trust, 821 F.2d 1368, 1370 (9th Cir. 1987)); see also McGee v. Department of Child Support Services, 584 Fed. Appx. 638 (9th Cir. 2014) ("the district court did not abuse its discretion by denying McGee's request to proceed IFP because it appears from the face of the amended complaint that McGee's action is frivolous or without merit"); Smart v. Heinze, 347 F.2d 114, 116 (9th Cir. 1965) ("It is the duty of the District Court to examine any application for leave to proceed in forma pauperis to determine whether the

////

1  proposed proceeding has merit and if it appears that the proceeding is without merit, the court is
2  bound to deny a motion seeking leave to proceed in forma pauperis.").

3        The court must dismiss an in forma pauperis case at any time if the allegation of poverty is
4  found to be untrue or if it is determined that the action is frivolous or malicious, fails to state a
5  claim on which relief may be granted, or seeks monetary relief against an immune defendant. See
6  28 U.S.C. § 1915(e)(2). A complaint is legally frivolous when it lacks an arguable basis in law or
7  in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221,
8  1227-28 (9th Cir. 1984). Under this standard, a court must dismiss a complaint as frivolous
9  where it is based on an indisputably meritless legal theory or where the factual contentions are
10 clearly baseless. Neitzke, 490 U.S. at 327; 28 U.S.C. § 1915(e).

11       To state a claim on which relief may be granted, the plaintiff must allege "enough facts to
12 state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544,
13 570 (2007). In considering whether a complaint states a cognizable claim, the court accepts as
14 true the material allegations in the complaint and construes the allegations in the light most
15 favorable to the plaintiff. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Hosp. Bldg. Co. v.
16 Trustees of Rex Hosp., 425 U.S. 738, 740 (1976); Love v. United States, 915 F.2d 1242, 1245
17 (9th Cir. 1989). Pro se pleadings are held to a less stringent standard than those drafted by
18 lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the court need not accept as true
19 conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. Western
20 Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

21       The minimum requirements for a civil complaint in federal court, as explained by Rule 8
22 of the Federal Rules of Civil Procedure ("Rules"), are as follows:

> A pleading which sets forth a claim for relief . . . shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends . . . , (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks.

26 Fed. R. Civ. P. 8(a).
27 ////
28 ////

3

### II. Plaintiff's Amended Complaint

Plaintiff's amended filing states that plaintiff is the "founder of Can the Gas Ban, a club formed to combat the electrification only policies of California transportation[.]" (Am. Compl. (ECF No. 5) at 4.) Defendant California Air Resources Board ("CARB") is an agency of the State of California. (Id. at 5.) Defendant Liane M. Rudolph is CARB's Committee Chairwoman. (Id.) On November 30, 2022, defendant "enacted the Advanced Clean Car II regulation . . . which bans new [internal combustion engine] cars by 2023." (Id. at 6.) Plaintiff alleges that the defendants violated California Health and Safety Code sections 38562 and 43150, as well as "the Right to Due process by going against the clear Legislative authority brought forth in Health and Safety Code 43150." (Id. at 15.) Plaintiff "is seeking relief and writ of mandate in line with Cal. Writ Procedure 1085." (Id. at 4.)

However, California Code of Civil Procedure § 1085 "authorizes only state courts to issue writs of mandate." Hill v. Cnty. of Sacramento, 466 Fed. Appx. 577, 579 (9th Cir. 2012). Federal courts may issue writs of mandamus under the All Writs Act but only where those writs are "necessary or appropriate in aid of their respective jurisdictions[.]" 28 U.S.C. § 1651(a). (emphasis added). In this regard, the All Writs Act "does not operate to confer jurisdiction and may only be invoked in aid of jurisdiction which already exists." Malone v. Calderon, 165 F.3d 1234, 1237 (9th Cir. 1999). A "request for a writ of mandamus does not itself create federal subject matter jurisdiction." Mance v. U.S., No. CV-07-949-PHX DGC, 2007 WL 1546094, at *1 (D. Ariz. May 24, 2007).

Plaintiff's amended complaint does assert in a vague and conclusory manner that the "Advanced Clean Cars II regulation violates the Right to Due Process by going against the clear Legislative authority directive brough forth in Health and Safety Code 43150." (Am. Pet. (ECF No. 5) at 15.) "There are two possible forms of a due process claim: substantive and procedural." Friends of Roeding Park v. City of Fresno, 848 F.Supp.2d 1152, 1163-64 (E.D. Cal. 2012). To state a substantive Due Process claim, plaintiff must allege "a state actor deprived [plaintiff] of a constitutionally protected life, liberty, or property interest." Shanks v. Dressel, 540 F.3d 1082, 1087 (9th Cir. 2008). In this regard, substantive Due Process, "forbids the government from

1  depriving a person of life, liberty, or property in such a way that 'shocks the conscience' or
2  'interferes with rights implicit in the concept of ordered liberty.'" Nunez v. City of Los Angeles,
3  147 F.3d 867, 871 (9th Cir. 1998) (quoting Rochin v. California, 342 U.S. 165, 172 (1952)).

4        To state a procedural Due Process claim, plaintiff must allege: (1) a deprivation of a
5  constitutionally protected liberty or property interest, and (2) a denial of adequate procedural
6  protections. Kildare v. Saenz, 325 F.3d 1078, 1085 (9th Cir. 2003). "The essence of procedural
7  due process is that 'individuals whose property interests are at stake are entitled to 'notice and an
8  opportunity to be heard.'" Franceschi v. Yee, 887 F.3d 927, 935 (9th Cir. 2018) (quoting
9  Dusenbery, 534 U.S. at 167).

10       Here, however, the amended complaint does not give the defendant fair notice of
11 plaintiff's claim nor does it allege facts that state the elements of a claim plainly and succinctly.
12 Although the Federal Rules of Civil Procedure adopt a flexible pleading policy, a complaint must
13 give the defendant fair notice of the plaintiff's claims and must allege facts that state the elements
14 of each claim plainly and succinctly. Fed. R. Civ. P. 8(a)(2); Jones v. Community Redev.
15 Agency, 733 F.2d 646, 649 (9th Cir. 1984). "A pleading that offers 'labels and conclusions' or 'a
16 formulaic recitation of the elements of cause of action will not do.' Nor does a complaint suffice
17 if it tenders 'naked assertions' devoid of 'further factual enhancements.'" Ashcroft v. Iqbal, 556
18 U.S.662, 678 (2009) (quoting Twombly, 550 U.S. at 555, 557). A plaintiff must allege with at
19 least some degree of particularity overt acts which the defendants engaged in that support the
20 plaintiff's claims. Jones, 733 F.2d at 649.

21       Finally, plaintiff is advised that the Eleventh Amendment bars suits against a state, absent
22 the state's affirmative waiver of its immunity or congressional abrogation of that immunity.
23 Pennhurst v. Halderman, 465 U.S. 89, 98-99 (1984); Simmons v. Sacramento County Superior
24 Court, 318 F.3d 1156, 1161 (9th Cir. 2003); Yakama Indian Nation v. State of Wash. Dep't of
25 Revenue, 176 F.3d 1241, 1245 (9th Cir. 1999); see also Krainski v. Nev. ex rel. Bd. of Regents of
26 Nev. Sys. of Higher Educ., 616 F.3d 963, 967 (9th Cir. 2010) ("The Eleventh Amendment bars
27 suits against the State or its agencies for all types of relief, absent unequivocal consent by the
28 state.").

To be a valid waiver of sovereign immunity, a state's consent to suit must be "unequivocally expressed in the statutory text." Lane v. Pena, 518 U.S. 187, 192 (1996); see also Pennhurst, 465 U.S. at 99; Yakama Indian Nation, 176 F.3d at 1245. "[T]here can be no consent by implication or by use of ambiguous language." United States v. N.Y. Rayon Importing Co., 329 U.S. 654, 659 (1947). Courts must "indulge every reasonable presumption against waiver," Coll. Sav. Bank v. Florida Prepaid, 527 U.S. 666, 682 (1999), and waivers "must be construed strictly in favor of the sovereign and not enlarged beyond what the [statutory] language requires." United States v. Nordic Village, Inc., 503 U.S. 30, 34 (1992) (citations, ellipses, and internal quotation marks omitted). "To sustain a claim that the Government is liable for awards of monetary damages, the waiver of sovereign immunity must extend unambiguously to such monetary claims." Lane, 518 U.S. at 192.

The Ninth Circuit has recognized that "[t]he State of California has not waived its Eleventh Amendment immunity with respect to claims brought under § 1983 in federal court, and the Supreme Court has held that § 1983 was not intended to abrogate a State's Eleventh Amendment immunity." Brown v. California Dept. of Corrections, 554 F.3d 747, 752 (9th Cir. 2009) (quoting Dittman v. California, 191 F.3d 1020, 1025-26 (9th Cir. 1999)). "[T]he Eleventh Amendment bars a federal court from hearing claims by a citizen against dependent instrumentalities of the state." Cerrato v. San Francisco Community College Dist., 26 F.3d 968, 972-73 (9th Cir. 1994).

**CONCLUSION**

Accordingly, IT IS HEREBY ORDERED that:

1. Within twenty-one days from the date of this order, plaintiff shall submit the appropriate filing fee; or

2. File a notice of voluntary dismissal pursuant to Rule 41 of the Federal Rules of Civil Procedure[1]; and

---

[1] In determining whether to pay the applicable filing fee plaintiff should carefully consider the defects found in plaintiff's amended complaint noted in this order. Although payment of the filing fee will permit this action to proceed plaintiff's amended complaint and this action may still be subject to dismissal.

    3. Plaintiff is cautioned that the failure to comply with this order in a timely manner may result in a recommendation that this action be dismissed.

DATED: October 26, 2023

/s/ DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB/orders/orders.pro se/robb1013.ifp.payment.ord